IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH THOMAS,

                    Plaintiff,

v.

BANK OF AMERICA, N.A., *et al.*,

                    Defendants.

1:11-cv-0391-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [118] on Bank of America, N.A.'s ("BANA") Motion to Dismiss [80], McCalla Raymer, LLC's ("McCalla Raymer") Motion to Dismiss [81], Northstar Mortgage Group, LLC's ("Northstar") Motion to Dismiss and for Partial Summary Judgment [85], and Keith Thomas' ("Plaintiff") *pro se* "Emergency Temporary, Preliminary and Other Such Injunctive Relief Enjoining the Defendants from Foreclosing" ("Emergency Motion for Injunctive Relief") [98], "Request for the Court to Construe and Convert his Motion for 'Emergency Temporary, Preliminary and Other Such Injunctive Relief Enjoining the Defendants from Foreclosing' as a Non-Emergency

Motion and to Set the Matter for a Hearing" ("Non-Emergency Motion for Injunctive Relief") [101], and Objections to the Final R&R ("Objections") [120].

## I.  BACKGROUND

On February 8, 2011, Plaintiff filed his *pro se* Complaint[1] [1] asserting thirty-one federal and state law claims involving his real property located at 2655 West Road, Riverdale, Georgia.

On November 30, 2011, and on December 30, 2011, the Magistrate Judge issued his First and Second Non-Final R&Rs [61, 64] addressing BANA's Motion to Dismiss [8], Plaintiff's Motion for Default Judgment [35], Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP, Inc.'s ("MERSCORP") Motion to Dismiss [43], and McCalla Raymer's Motion to Dismiss [52]. The Magistrate Judge recommended: (1) that Plaintiff's Fair Debt Collection Practices Act claim be allowed to proceed; (2) that Plaintiff's claims for wrongful foreclosure, intentional infliction of emotional distress, fraud, civil conspiracy, Real Estate Settlement Procedures Act violations, declaratory relief, statutory fraud, and statutory fraudulent representation be dismissed without prejudice; (4) that Plaintiff's remaining claims be dismissed with prejudice; (5) that Plaintiff be

---

[1] Although the Court construes *pro se* complaints liberally, they must also comply with the procedural rules that govern pleadings. See McNeil v. United States, 508 U.S. 106, 113 (1993).

2

granted leave to amend his complaint; (6) that Plaintiff's Motion for Default Judgment be denied; (7) that MERS and MERSCORP's Motion to Dismiss be denied without prejudice as moot; and, (8) that McCalla Raymer's Motion to Dismiss be denied without prejudice as moot.  (First R&R at 75-77; Second R&R at 6).

On December 13, 2011, Plaintiff filed his Objections to the First R&R [62] and did not object to the Second R&R.

On January 31, 2012, the Court overruled Plaintiff's Objections, adopted Magistrate Judge Alan J. Baverman's First and Second Non-Final R&Rs, dismissed MERS and MERSCORP from this action, and ordered Plaintiff to amend his Complaint on or before February 17, 2012  [67].[2]

On February 17, 2012, Plaintiff filed his Amended Complaint [76]. Following Plaintiff's filing of his Amended Complaint, the parties filed a number of motions that are presently before the Court [80, 81, 85, 98, 101].[3]

---

[2] On February 3, 2012, Plaintiff moved for reconsideration of the Court's January 31st Order [70].  On March 28, 2012, the Court denied Plaintiff's Motion for Reconsideration [91].

[3] On March 2, 2012, BANA filed its Motion to Dismiss [80].  On March 5, 2012, McCalla Raymer filed its Motion to Dismiss [81].  On March 22, 2012, Northstar filed its Motion to Dismiss and for Partial Summary Judgment [85].  On June 14, 2012, Plaintiff filed his Emergency Motion for Injunctive Relief, and then on June 25, 2012, requested that it be considered on a "non-emergency" basis [98, 101].

On January 10, 2013, the Magistrate Judge issued his Final R&R and recommended that BANA's Motion to Dismiss [80] be granted; McCalla Raymer's Motion to Dismiss [81] be granted; Northstar's Motion to Dismiss and for Partial Summary Judgment [85] be granted; Plaintiff's Emergency Motion for Injunctive Relief [98] be denied as moot; Plaintiff's Non-Emergency Motion for Injunctive Relief [101] be denied; and Plaintiff's Amended Complaint [76] be dismissed with prejudice.  (R&R at 68).

On January 24, 2013, Plaintiff filed his Objections [120].  Plaintiff's Objections contain three enumerated objections to the Final R&R.

On January 30, 2012, BANA filed a response to Plaintiff's Objections [121].

## II.   DISCUSSION

### A.   Standard of review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh

consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Plaintiff's Objections

        *1.*    *Plaintiff's First Objection*

Plaintiff conclusorily states that he objects to Magistrate Judge Baverman's "recommendation that the Court accept the residential mortgage documents filed with the land and deed book within the Office of The Clerk of Superior Court for Fulton County by and on the behalf of the [named Defendants] or individuals within their employ." (Pl.'s Objections at 2). Plaintiff's statement does not identify the portions of the proposed findings and recommendations in the Final R&R to which his objection is made, explain a specific basis for any objection, or state how the findings and recommendations of the Magistrate Judge are factually or legally incorrect. See Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 856-57 (11th Cir. 2010) (to obtain a *de novo* of an issue by the district court, a

5

party must identify specific findings set forth in a report and recommendation and articulate a legal ground for the objection); Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). Having carefully reviewed Plaintiff's first objection, the Court finds that he has not stated a valid objection to the findings and recommendations of the Magistrate Judge, and his first asserted objection is overruled. See id.

    The Court notes that, in his Final R&R, the Magistrate Judge thoroughly explained the standards for consideration of undisputed public records and other documents that are central to Plaintiff's claims. (See R&R at 16-29). The Magistrate Judge correctly noted that a court may consider a document attached to a motion to dismiss without converting it to a motion for summary judgment under

Federal Rule of Civil Procedure 56 if it is central to the plaintiff's claim and is undisputed. See Fed. R. Civ. P. 12; SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (explaining that "'[u]ndisputed' in this context means that the authenticity of the document is not challenged"); Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and these documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal."). The Magistrate Judge further explained how Plaintiff's conclusory allegation that documents duly filed in the Fulton County Superior Court Clerk's Office were "altered copies that have been doctored by defendants"[4] was

---

[4] The Magistrate Judge further explained how Plaintiff does not dispute the authenticity or the contents of the documents themselves, only the additional markings and endorsements that were not included on the documents he received at the time of the closing for his property. (R&R at 20-29). Accordingly, the Magistrate Judge refused to consider the endorsements to and markings on the documents that were disputed and noted that, in any event, those disputed markings were not central to Plaintiff's claims. (Id. at 21).

insufficient to call into question their authenticity and exclude them from consideration on the evaluation of his claims in the Final R&R.  See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.  Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."); Assoc. Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); (R&R at 16-29).

     To the extent Plaintiff has validly objected to the consideration of certain documents by the Magistrate Judge in ruling on his claims—which the Court finds he has not done—the Court, on a *de novo* review, would find this objection would not call into question the findings and recommendations of the Magistrate Judge

and his well-reasoned conclusion regarding consideration of Plaintiff's loan documents.[5]

2.   *Plaintiff's Second and Third Objections*

The Court has carefully reviewed what Plaintiff asserts are his second and third objections.  Plaintiff's second objection objects to "Judge Baveman's [sic] summation"[6] and discusses an unrelated, prior R&R in this action that the Court has already adopted.  (Pl.'s Objections 3-4).  Plaintiff's third objection is vague, confusing, and appears to constitute a general objection to considering the "bank defendants" as secured creditors.  (Id. at 4).  The Court finds these objections, even when liberally construed, do not state a valid objection to the findings and recommendations of the Magistrate Judge because they contain general, speculative, and conclusory statements that fail to specify how the findings and recommendations of the Magistrate Judge are factually or legally incorrect.  See

---

[5] Even assuming Plaintiff made a valid objection and the Magistrate Judge erred in considering Plaintiff's loan documents as undisputed and central to Plaintiff's claims, the Court would find no error because the Magistrate Judge also noted that the documents on file with Fulton County could have been properly considered as judicially-noticeable documents of public record that are not subject to reasonable dispute as to their accuracy or authenticity.  See Fed. R. Evid. 201; Shockley v. EMC Mortg. Corp., 459 F. App'x 821, 822 (11th Cir. 2012); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010); Clark v. Bibb Cnty. Bd. of Educ., 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001).

[6] To the extent Plaintiff objects to Magistrate Judge Baverman's summation of facts, the Court finds this objection does not address any of the Magistrate Judge's findings and recommendations in the Final R&R and that objection is overruled.

9

Leatherwood, 384 F. App'x at 856-57; Macort, 208 F. App'x at 784; Heath, 863 F.2d at 822; Marsden, 847 F.2d at 1548.

In sum, the Court finds no valid objections have been asserted by Plaintiff to the Final R&R.  To the extent Plaintiff has validly objected to the use and consideration of "residential mortgage documents filed with the land and deed book within the Office of The Clerk of Superior Court for Fulton County" by the Magistrate Judge in ruling on his claims, Plaintiff's objection is overruled.  The Court finds that the Magistrate Judge did not plainly err in his findings and recommendations in the Final R&R, and the Final R&R is adopted by the Court.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final R&R [118] is **ADOPTED**.

**IT IS FURTHER ORDERED** that BANA's Motion to Dismiss [80] is **GRANTED**.

**IT IS FURTHER ORDERED** that McCalla Raymer's Motion to Dismiss [81] is **GRANTED**.

**IT IS FURTHER ORDERED** that Northstar's Motion to Dismiss and for Partial Summary Judgment [85] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Injunctive Relief [98] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Non-Emergency Motion for Injunctive Relief [101] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [76] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 4th day of February, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE