[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10845
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00391-WSD

KEITH THOMAS,

                                                                  Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, LP,
MCCALLA RAYMER, LLC,
Attorney(s) and or Representatives acting
in their behalf including Employee(s)
empowered by and through the Law Firm
who may have an interest in the matter,
NORTHSTAR MORTGAGE GROUP, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
MERSCORP,
collectively known as MERS,

                                                Defendants-Appellees,

COUNTRYWIDE BANK, FSB,
a.k.a. Countrywide Home Loan Servicing, L.P., et al.,

                                                       Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 21, 2014)

Before CARNES, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Keith Thomas, proceeding pro se, filed a federal lawsuit against Bank of America, N.A.;[1] McCalla Raymer, LLC; Northstar Mortgage Group, LLC;[2] and Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, the MERS defendants). In his amended complaint, he raised a number of claims, mostly based on state law, related to steps taken by the defendants to foreclose a security deed on his Georgia residence.

On appeal, Thomas challenges the following pretrial orders: (1) the district court's grant of Northstar's motion to set aside the clerk's entry of default; (2) the magistrate judge's denial of his requests that subpoenas be issued to Northstar and a non-party, Fannie Mae; (3) the district court's dismissal of the MERS defendants due to his failure to effect proper service of process; (4) the district court's grant of Northstar's motion to dismiss (construed as a motion for judgment on the

---

[1] Bank of America, N.A., is the successor by merger to (1) Countrywide Bank, FSB, and (2) BAC Home Loan Servicing, LP, formerly known as Countrywide Home Loan Servicing, LP.

[2] Northstar Mortgage Group, LLC was a limited liability company formed under Georgia state law. It was dissolved on January 20, 2011, before Thomas filed his initial complaint.

pleadings) and motion for partial summary judgment; and (5) the district court's grant of Bank of America's and McCalla's motions to dismiss.

### I. Northstar's Relief from the Entry of Default

Thomas contends that the district court abused its discretion by granting Northstar relief from the clerk's entry of default. He asserts that he properly served one of Northstar's partners (J. Brian Messer), that Northstar did not respond, and, as a result, that Northstar was in default.

We review a district court's ruling on a motion to set aside an entry of default for abuse of discretion. See Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). An entry of default is appropriate "[w]hen the party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). A district court, however, "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Where a plaintiff's service of process is insufficient, a court may have good cause to set aside an entry of default because the court lacked personal jurisdiction over the defendant and, as a result, had no power to render judgment against it. See, e.g., Valdez v. Feltman (In re Worldwide Web Sys.), 328 F.3d 1291, 1299 (11th Cir. 2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1367–68 (11th Cir. 1982) (explaining that a default judgment entered against a defendant who was not properly served is void).

Because Northstar, an entity originally formed under Georgia law, dissolved before Thomas filed his complaint, Thomas was required to serve process on any of the executive officers named in Northstar's last annual registration. See Fed. R. Civ. P. 4(e)(1), (h)(1); Ga. Code Ann. § 14-2-1408(b) (indicating that a corporate entity ceases to exist upon the filing of articles of dissolution, at which time actions may be brought against it by service upon any of the executive officers named in its last annual registration). Messer, the person Thomas served, was not authorized to accept service on Northstar's behalf because he was not named in its last annual registration. It follows that the district court did not acquire personal jurisdiction over Northstar before the entry of default and that good cause existed to set that default aside. The district court did not abuse its discretion in setting aside the clerk's entry of default against Northstar.

## II.   Denial of Thomas' Requests for Subpoenas

Thomas contends that the magistrate judge abused his discretion by denying his requests for subpoenas for Northstar and non-party Fannie Mae. While we generally review a district court's discovery rulings for abuse of discretion, Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007), we lack jurisdiction to hear appeals directly from federal magistrate judges. See United States v. Schultz, 565 F.3d 1353, 1359, 1361–62 (11th Cir. 2009); cf. Fed. R. Civ. P. 72(a); Smith, 487 F.3d at 1365 (explaining that, under Rule 72(a), a party who

fails to timely challenge a magistrate judge's non-dispositive orders before the district court waives his right to challenge those orders on appeal). Because Thomas did not appeal the magistrate judge's rulings to the district court, we lack jurisdiction to review them.

### III. Dismissal of the MERS Defendants

Thomas asserts that the district court improperly dismissed the MERS defendants. A district court has the authority to dismiss a complaint for failure to comply with a court order or the federal rules. See Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing that a district court may dismiss a case sua sponte under either Rule 41(b) or its inherent authority to manage its docket). Dismissal for disregard of a court order is generally not an abuse of discretion. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The magistrate judge ordered Thomas to serve the MERS defendants at a particular address. Despite that simple order, Thomas failed to serve the MERS defendants at the right address within the allotted time. It follows that the district court did not abuse its discretion in dismissing Thomas' claims against the MERS defendants.

IV.     Northstar's Motions to Dismiss and for Partial Summary Judgment

Thomas contends that the district court erred in granting Northstar's motions to dismiss and for partial summary judgment.  However, he makes no substantive arguments in support of those contentions.  As a result, they are abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.") (citations omitted); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that a reference to an issue in a party's "statement of the case" was insufficient to preserve it for appellate review, where the party made no arguments on the merits of that issue).

V.      Bank of America's and McCalla's Motions to Dismiss

Finally, Thomas asserts that the district court erred in granting Bank of America's and McCalla's motions to dismiss his wrongful foreclosure claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  "We review de novo the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Butler v. Sheriff of Palm Beach Cnty., 685 F.3d 1261, 1265 (11th Cir. 2012) (quotation marks omitted).  "To survive a motion to dismiss, the plaintiff must plead a claim to relief that is plausible on its face."  Id.

Georgia law allows mortgagees, or their assignees, to foreclose on properties without first bringing actions in state court. See Ga. Code. Ann. § 44-14-160 et seq. While there does not appear to be any Georgia case law directly on point, states with similar foreclosure regimes hold that mortgagors, like Thomas, cannot state a claim for wrongful foreclosure unless a foreclosure sale has occurred. See, e.g., Ayers v. Aurora Loan Servs. LLC, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011); Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010); Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); cf. Canton Plaza, Inc. v. Regions Bank, Inc., 732 S.E.2d 449, 454 (Ga. Ct. App. 2012); Aetna Fin. Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984). Thomas, for his part, does not contend that Georgia courts would rule differently. As a result, we conclude that under Georgia law Thomas must first show that his property was sold at foreclosure in order to state a plausible claim for wrongful foreclosure. Because he has not alleged that a foreclosure sale occurred, Thomas has failed to state such a claim.

Likewise, Thomas has failed to state a plausible claim for wrongful "attempted" foreclosure because he has not alleged that Bank of America or McCalla published untrue information about his financial condition. See Aetna Fin. Co., 320 S.E.2d at 232 (holding that a claim for wrongful attempted foreclosure requires the plaintiff-debtor to show, among other things, the "knowing

7

and intentional publication of untrue and derogatory information concerning the debtor's financial condition"). As a result, the district court properly granted Bank of America's and McCalla's motions to dismiss Thomas' wrongful foreclosure claims.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 21, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-10845-EE
Case Style: Keith Thomas v. Bank of America, NA, et al
District Court Docket No: 1:11-cv-00391-WSD

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Lois Tunstall, EE at (404) 335-6224.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs