# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KEITH THOMAS,

           **Plaintiff,**

   **v.**                                         1:11-cv-0391-WSD

**BANK OF AMERICA, N.A., BAC
HOME LOAN SERVICING, LP,
MCCALLA RAYMER, LLC,
COUNTRYWIDE BANK, FSB,
NORTHSTAR MORTGAGE
GROUP, LLC, MORTGAGE
REGISTRATION SYSTEMS, INC.,
and MERSCORP,**

           **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Keith Thomas's ("Plaintiff" or

"Thomas") "Motion for the Court to Set Aside Summary Judgment granted in

favor of Northstar Mortgage Group, LLC and Request for the Court to Reinstate

the Entry of Default Judgment against Northstar pursuant to F.R.C.P. 60" [135],

which the Court construes as Plaintiff's Motion for Reconsideration of the Court's

December 30, 2011, Order [63] granting Northstar Mortgage Group, LLC's

("Northstar") Motion to Set Aside Default [33].[1]

---

[1]     To the extent Plaintiff conclusorily states in his Motion for Reconsideration
that he seeks "to set aside the court's entry of summary judgment in favor of

## I.      BACKGROUND

On February 8, 2011, Plaintiff filed his Complaint [1] asserting federal and state-law claims arising from the foreclosure sale of Plaintiff's property.

On June 8, 2011, Plaintiff filed an affidavit of service [26] for Northstar, indicating that, on June 7, 2011, a copy of the Complaint and Summons was delivered to "J. Brian Messer, President of Northstar Mortgage Group, LLC" ("Messer"), at 68 Eastbrook Bend, Peachtree City, Georgia.

Northstar did not file an answer or otherwise respond to Plaintiff's Complaint.  On June 30, 2011, Plaintiff filed his Motion for Clerks Entry of Default [32], and the Clerk entered default against Northstar the same day.

On July 1, 2011, Northstar filed its Motion to Set Aside Default [33]. Northstar argued that Plaintiff's attempt to perfect service on Northstar was ineffective, and the default must be set aside, because Messer was not authorized to accept service on behalf of Northstar.  Northstar asserted that, on January 20, 2011, Northstar dissolved and filed its Certificate of Termination with the Georgia Secretary of State.  Because Northstar's last annual registration listed W. Dave

---

Northstar," Plaintiff does not address the merits of Northstar's Motion to Dismiss and for Partial Summary Judgment [85], or the Court's February 4, 2013, Order [123] granting that motion.  Instead, Plaintiff's strategy focuses on reinstating the June 30, 2011, entry of default against Northstar, which, Plaintiff appears to contend, would then entitle him to default judgment against Northstar.

Sander ("Sander") as its registered agent, Northstar argued that Plaintiff was required to serve Sander, not Messer, with process on behalf of Northstar.  (See [33.1 & 33.2]).

On July 18, 2011, Plaintiff filed his Motion for Default Judgment [35].

On December 30, 2011, Magistrate Judge Baverman granted Northstar's Motion to Set Aside Default.  (December 30th Order [63]).[2]  The Magistrate Judge found that, because Northstar dissolved before Plaintiff filed his Complaint, Plaintiff was required to effectuate "service upon any of its last executive officers named in its last annual registration."  See O.C.G.A. § 14-2-1408.[3]  Because the only individual listed in Northstar's 2010 annual registration was Sander, Plaintiff was required to serve Sander—not Messer—with process.  The Magistrate Judge concluded that because Plaintiff's service upon Messer was improper, Northstar was not in default.  The Magistrate Judge directed the Clerk to strike the entry of default, and directed Plaintiff to reattempt service of process on Northstar within thirty (30) days.

---

[2]     Under 28 U.S.C. § 636, it was within the Magistrate Judge's authority to decide Northstar's Motion to Set Aside Default, rather than issue a report and recommendation.  See 28 U.S.C. § 636; Pinkston v. Atlanta Reg. Comm'n, No. 1:07-1197-WSD (N.D. Ga. Nov. 27, 2007).

[3]     O.C.G.A. § 14-2-1408(b) provides: "Upon filing of articles of dissolution the corporation shall cease to exist, except for the purpose of actions or other proceedings, which may be brought against the corporation by service upon any of its last executive officers named in its last annual registration . . . ."

Also on December 30, 2011, Magistrate Judge Baverman recommended that Plaintiff's Motion for Default Judgment be denied as premature because entry of default is a prerequisite to seeking a default judgment. (December 30th R&R [64] at 6); see also Fed. R. Civ. P. 55(a); Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (where plaintiff failed to obtain entry of default, motion for default judgment was premature).

On January 20, 2012, Sander was personally served with a copy of the Complaint and Summons on behalf of Northstar. (Second Aff. of Service [66]).

On January 31, 2012, the Court adopted the December 30th R&R and denied Plaintiff's Motion for Default Judgment. ([67] at 7).

On February 17, 2012, Plaintiff filed his Amended Complaint [76], and on February 28, 2012, Northstar timely filed its Answer [78]. In his Amended Complaint, Plaintiff asserted claims against Northstar for fraudulent misrepresentation, fraud, civil conspiracy, wrongful foreclosure and violation of the Georgia Residential Mortgage Act ("GRMA").

On March 22, 2012, Northstar moved to dismiss Plaintiff's claims for civil conspiracy, wrongful foreclosure, and violation of the GRMA, and moved for summary judgment on Plaintiff's fraud-based claims.

On January 10, 2013, Magistrate Judge Baverman issued his Final R&R, recommending, among other things, that Northstar's Motion to Dismiss, construed as a Motion for Judgment on the Pleadings,[4] and for Partial Summary Judgment be granted. (Final R&R [118]). The Magistrate Judge recommended that Northstar be granted summary judgment on Plaintiff's fraud-based claims because Plaintiff failed to plead fraud with particularity as required under Rule 9 of the Federal Rules of Civil Procedure, failed to show that he relied on the alleged misrepresentations regarding Northstar's lender license, and failed to show that Northstar's alleged non-licensed status—rather than his failure to repay his loan—was the proximate cause of his claimed damages. (Id. at 55-58). Having concluded that Northstar was entitled to summary judgment on Plaintiff's fraud claims, the Magistrate Judge found that Plaintiff cannot state a claim for civil conspiracy based on the same fraud claims. (Id. at 59-60). The Magistrate Judge also found that Plaintiff cannot state a claim for wrongful foreclosure because the foreclosure sale has not occurred, and Plaintiff failed to make the proper loan payments. (Id. at 60). Last, the Magistrate Judge found that Plaintiff cannot state a claim for violation of the GRMA because the GRMA does not provide a private right of action. (Id. at 60-61). The Magistrate Judge recommended that judgment

---

[4]     The Magistrate Judge construed Northstar's Motion to Dismiss as a Motion for Judgment on the Pleadings because it was filed after Northstar filed its Answer.

on the pleadings be granted for Northstar on Plaintiff's claims for civil conspiracy, wrongful foreclosure and violation of the GRMA.

On February 4, 2013, the Court overruled Plaintiff's objections,[5] adopted Magistrate Judge Baverman's Final R&R, and granted Northstar's Motion to Dismiss and for Partial Summary Judgment.  (February 4th Order [123]).[6]

On appeal, Plaintiff challenged, among others, the Court's December 30, 2011, Order granting Northstar's Motion to Set Aide Default.  On February 21, 2014, the Eleventh Circuit affirmed, holding that the Court did not abuse its discretion in setting aside the clerk's entry of default against Northstar. See Thomas v. Bank of Am., N.A., 557 F. App'x 873 (11th Cir. 2014).  The Eleventh Circuit, citing Rules 4(e)(1) and (h)(1) of the Federal Rules of Civil Procedure and O.C.G.A. § 14-2-1408(b), found that Plaintiff's June 7, 2011, attempt to perfect service on Northstar was ineffective, stating:

---

[5]     The Court found that Plaintiff did not assert a valid objection to the R&R because he failed to identify the portions of the R&R to which he objected, failed to provide a specific basis for his objection, and failed to state how the findings and recommendations of the Magistrate Judge were factually or legally incorrect.

[6]     In its February 4, 2013, Order, the Court also granted Bank of America's and McCalla Raymer's Motions to Dismiss [80, 81], and denied Plaintiff's Emergency Motion for Injunctive Relief [98] and Non-Emergency Motion for Injunctive Relief [101].  Plaintiff does not argue in his Motion for Reconsideration that the Court erred in its decision to grant or deny these motions.

> Because Northstar, an entity originally formed under Georgia law, dissolved before Thomas filed his complaint, Thomas was required to serve process on any of the executive officers named in Northstar's last annual registration.  Messer, the person Thomas served, was not authorized to accept service on Northstar's behalf because he was not named in its last annual registration.

Id. at 875.  The Eleventh Circuit found that "the district court did not acquire personal jurisdiction over Northstar before the entry of default and that good cause existed to set that default aside."  Id.  The Eleventh Circuit also found that Plaintiff abandoned his appeal from the Court's February 4, 2013, Order granting Northstar's Motion to Dismiss and for Partial Summary Judgment.  Id. at 876.

On March 10, 2015, Plaintiff filed his Motion for Reconsideration. Although largely incomprehensible, Plaintiff appears to argue that new evidence shows that Messer was authorized to accept service of process on behalf of Northstar, and because service on Messer was proper, the Court must reinstate the Clerk's entry of default against Northstar and enter default judgment for Plaintiff.

## II.   DISCUSSION

### A.   Legal Standard

Plaintiff seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides limited circumstances under which a Court can relieve a party from a final judgment or order, including: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, reversed or vacated; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b); <u>Rease v. Harvey</u>, 376 F. App'x 920, 921 (11th Cir. 2010).

The Court does not reconsider its orders as a matter of routine practice.  <u>See</u> LR 7.2 E., NDGa.  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  <u>See</u> <u>Jones v. S. Pan Servs.</u>, 450 F. App'x 860, 863 (11th Cir. 2012); <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), <u>aff'd</u>, 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."); <u>cf.</u> <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007); <u>O'Neal v. Kennamer</u>, 958 F.2d 1044, 1047 (11th Cir. 1992); <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Motions for reconsideration are left to the sound discretion of the district court.  <u>See</u> <u>Region 8 Forest Serv. Timber Purch. Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993).

B.     <u>Analysis</u>

In his Motion for Reconsideration, Plaintiff claims that new evidence shows that Messer and Northstar falsely represented to the Court in this action that Messer was not affiliated with Northstar and lacked authority to act on Northstar's behalf.[7]  This "new evidence" consists of documents Plaintiff obtained in connection with a separate case he filed against Northstar and Messer in the Superior Court of Fulton County ("Fulton County Action").  Plaintiff submits a November 17, 2014, affidavit executed by Messer to verify Northstar's discovery responses in the Fulton County Action.  The affidavit states: "J. Brian Messer, an individual resident of Georgia, on behalf of Defendant Northstar [ ], who after being duly sworn, states and deposes under oath, based upon his own personal knowledge, that the responses set forth in the foregoing *Defendant Northstar['s]Responses and Objections to Plaintiff's First Request for Production of Documents* are true and correct."  ([135] at 18).  Plaintiff also submits Messer

---

[7]     To the extent Plaintiff seeks relief under Rule 60(b)(2) or (3) based on newly discovered evidence or an alleged misrepresentation, Plaintiff's Motion for Reconsideration—filed nearly three (3) years after the Court's December 30, 2011, Order, two (2) years after the Court's February 4, 2013, entry of judgment, and one (1) year after the Court of Appeal's February 21, 2014, judgment—is untimely.  <u>See</u> Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").  Denial of Plaintiff's motion is warranted on this basis alone.

and Northstar's response in opposition to Plaintiff's motion to disqualify their

counsel in the Fulton County Action.  ([135] at 28-35).  It appears that Plaintiff, in

seeking to disqualify Messer and Northstar's counsel in the Fulton County Action,

claimed that counsel made misrepresentations by asserting in this action that

Messer lacked authority to speak on behalf of Northstar, while at the same time

asserting in the Fulton County Action that Messer does have authority to speak on

behalf of Northstar.  ([135] at 29).  In their response, Messer and Northstar state

that their position, in this action and in the Fulton County Action, consistently has

been that "(1) Mr. Messer was never President of Northstar [ ], (2) that service of

process upon Mr. Messer in the federal case was improper, and (3) that J. Brian

Messer had personal knowledge of the day-to-day activities of Northstar" "and was

therefore authorized to verify the [discovery] responses on behalf of Northstar []."

([135] at 33).[8]  They assert that they are "entitled to maintain that service in the

federal case was improper while, at the same time, asserting that Mr. Messer has

the authority to speak on behalf of Northstar [] based upon his personal knowledge;

the two arguments are not mutually exclusive."  ([135] at 34).

        Plaintiff's claim that Northstar has taken inconsistent positions conflates the

---

[8]     Messer and Northstar state further they "have never asserted that [ ] Messer
was not an officer of Northstar [ ] or that Mr. Messer could not legally speak on
behalf of the company.  [They] have merely asserted that service upon Mr. Messer
in the federal court case . . . was improper under Georgia law."  ([135] at 34).

test for determining whether a person is authorized to accept service of process on behalf of a company, and the requirement that discovery responses must be verified by a person who has personal knowledge of the information provided. That Northstar argued Messer lacked authority to accept service of process on its behalf in this action does not affect Messer's ability, based on his personal knowledge, to verify Northstar's discovery responses in the Fulton County Action. A close reading of the record shows that Northstar's representations in the Fulton County Action—that Messer had personal knowledge of the day-to-day operations of Northstar sufficient to verify the information contained in Northstar's discovery responses—is not inconsistent with Northstar's position in this case that Messer was not President of Northstar and was not authorized to accept service of process on Northstar's behalf.  Simply put, Plaintiff has not identified any misrepresentation made by Northstar and his Motion for Reconsideration on this basis is denied.

Plaintiff next argues that, because Northstar did not file a Statement of Commencement of Winding Up, and Plaintiff was not aware that Northstar was dissolved, under O.C.G.A. §§ 14-11-604 and 606, service on Messer was proper because Messer is a founding partner of Northstar and is "authorized to act and do business on behalf of Northstar."  The Court disagrees.

Section 14-11-606 provides, in pertinent part, that "[u]pon dissolution, a statement of commencement of winding up may be delivered for filing to the Secretary of State by any person authorized to wind up the limited liability company's affairs."  O.C.G.A. § 14-11-606.[9]  Section 14-11-604(b) provides:

> Except so far as may be appropriate to wind up the limited liability company's affairs or to complete transactions begun but not then finished, dissolution terminates all authority of every person to act for the limited liability company; provided, however, that, prior to the filing of a statement of commencement of winding up, the limited liability company shall be bound to any person who lacks knowledge of the dissolution with respect to any transaction which would bind the limited liability company if dissolution had not taken place.

O.C.G.A. § 14-11-604(b).

Here, Northstar filed its Certificate of Termination with the Georgia Secretary of State on January 20, 2011.  (See [33.1]).  Twenty (20) days later, on February 8, 2011, Plaintiff filed his Complaint.  Plaintiff's argument that he was entitled to treat Northstar as if it were not dissolved because Northstar did not file a statement of commencement of winding up, despite the Certification of Termination, is illogical.  Northstar was not required to file a statement of commencement of winding up, and in view of Northstar's Certification of Termination, which was filed with the Secretary of State and was publicly

---

[9]    That O.C.G.A. § 14-11-606 provides that a statement of commencement of winding up "may" be filed discredits Plaintiff's argument that Northstar was required to file a statement of commencement of winding up.

available, Plaintiff knew, or should have known, that Northstar dissolved before he filed his Complaint and before he attempted to serve Northstar with process.

Even if Northstar was required to file a statement of commencement of winding up, and even if Plaintiff did not know Northstar dissolved, Plaintiff fails to show that, notwithstanding dissolution, Messer would have been authorized to accept service of process for Northstar. Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process may be made on a corporation, or other unincorporated association subject to suit,

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) states that service can be effected "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Georgia law, a plaintiff serves process on a corporation or limited liability company by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." O.C.G.A. § 9-11-4(e)(1); see also Anthony Hill Grading, Inc. v. SBS Inves., LLC, 678 S.E.2d 174, 177 (Ga. Ct. App.

2009) (applying O.C.G.A. § 9-11-4(e)(1) to limited liability companies).[10]

Here, there is no evidence in the record to support that, when Plaintiff attempted to serve Northstar on June 7, 2011, Messer was authorized to accept service of process for Northstar.  Northstar's Articles of Organization, filed with the Georgia Secretary of State, provide that the "name of the initial registered agent of the L.L.C. is W. Dave Sander," and Sander is listed as Northstar's agent in each of its Annual Registrations.[11]  That documents Northstar filed in 2006 with the Florida Secretary of State provide that Messer was the Vice President of Northstar on July 6, 2006, is not material to whether, nearly five (5) years later, Messer was authorized to accept service of process for Northstar on June 7, 2011. (See [35.1] at 9).  That Plaintiff claims Messer was a "founding partner" and was

---

[10]    If service cannot be made in that manner, Georgia law also provides for substitute service upon the Secretary of State, along with a certification that the plaintiff has attempted service, that service could not be effected, and that plaintiff forwarded by registered mail the summons and complaint to the last known address of the corporation's office or agent.  O.C.G.A. § 9-11-4(e)(1).

The Court also notes that, under O.C.G.A. § 14-11-1108(a), "[i]f a limited liability company has no registered agent or the agent cannot with reasonable diligence be served, the limited liability company may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the limited liability company at its principal office."  Plaintiff does not assert that he attempted to perfect service on Northstar in either of these ways.

[11]    See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?business Id=384442&businessType=Domestic%20Limited%20Liability%20Company (last visited Feb. 16, 2016).  Messer is not identified in any of Northstar's filings with the Georgia Secretary of State.  See id.

involved in the "day-to-day operations" of Northstar, without more, does not support that, at the time Plaintiff attempted service of process, Messer was the president, or other officer, secretary, cashier, managing agent, or other agent, of Northstar, such that he would have been authorized to accept service of process for Northstar.  <u>See</u> Fed. R. Civ. P. 4(e), (h); O.C.G.A. § 9-11-4(e)(1).  Plaintiff's Motion for Reconsideration on this basis is denied.

Plaintiff's arguments in his Motion for Reconsideration and the claims and allegations in his Amended Complaint have already been considered and rejected by this Court and the Eleventh Circuit.  Plaintiff simply has not demonstrated any basis upon which the Court should reconsider its December 30, 2011, Order, and Plaintiff's Motion for Reconsideration is denied.[12]

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [135] is **DENIED**.

---

[12]     The Court notes that, even if it reinstated the entry of default against Northstar, Plaintiff would not be entitled to default judgment because, as the Court determined in its February 4, 2013, Order, Plaintiff has not, and cannot, show that he is entitled to relief on the claims he asserts in this action.  <u>See, e.g.</u>, <u>Bruce v. Wal-Mart Stores, Inc.</u>, 699 F. Supp. 905, 906 (N.D. Ga. 1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint.").

**SO ORDERED** this 16th day of February, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE